UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 5:07-41-2-KSF

UNITED STATES OF AMERICA                                              PLAINTIFF

vs.                             **OPINION AND ORDER**

ERICK TYRONE BROOKS                                                   DEFENDANT

    This matter is before the Court on the motion of Defendant Erick Tyrone Brooks for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive crack cocaine amendments to the Federal Sentencing Guidelines.  The United States objects to the motion on the ground that Brooks was sentenced pursuant to a mandatory minimum sentence of 120 months and, therefore, is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2).

**I.     BACKGROUND**

    On May 14, 2007, Brooks entered a plea of guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base.  Following an adjustment for acceptance of responsibility, Brook's Total Offense Level was 28.  Combined with his criminal history category of IV, the Guideline range for imprisonment was 110 to 137 months.  However, Brooks was subject to a mandatory minimum sentence of 10 years (120 months) pursuant to 21 U.S.C. § 841(b)(1)(A).  On August 17, 2007, Brooks was sentenced to a term of imprisonment of 120 months.

**II.    ANALYSIS**

    "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, ... which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  "The authority to modify a sentence

already commenced must be granted to the court by statute, and such modification is limited to the authority granted by the statute." *United States v. Addonizio*, 442 U.S. 178, 189 n. 16 (1979).

In this case, the relevant statute is 18 U.S.C. § 3582(c), which provides in part:

The court may not modify a term of imprisonment once it has been imposed except that –
...
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), ... the court may reduce the term of imprisonment ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The recently revised policy statement in U.S.S.G. § 1B1.10 provides in part:

(2) Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
...
(B) an amendment listed in subsection (b) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a) (effective on March 3, 2008, by Amendment 712). Application note 1(A) to this Guideline states that a reduction under § 3582(c)(2) is not authorized where "the amendment ... is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment, n. 1(A).

The situation in the present case was expressly contemplated in the Application Note. While the crack cocaine amendment would reduce Defendant's maximum term of imprisonment to 125 months, his guideline range is not lowered because of the operation of a statutory mandatory minimum term of imprisonment. No reduction in Brook's sentence is authorized under 18 U.S.C. § 3582(c). Instead, any reduction would conflict with the applicable policy statement and with the Congressionally mandated minimum sentence. Courts do not have discretion to reduce a mandatory minimum sentence. *Unites States v. Franklin*, 499 F.3d 578, 586 (6th Cir. 2007).

The effect of a mandatory minimum sentence on a proposed reduction pursuant to 18 U.S.C. § 3582(c)(2) is not unlike the effect of a sentence as a career criminal. The guideline range is not reduced; thus, the court is without authority to reduce the sentence. *See United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008); *United States v. Clark*, 2008 WL 4510440 (E.D. Tenn. 2008).

Having considered the record herein, the Court finds that the amendment to the crack cocaine guideline does not lower Defendant Brooks' applicable guideline range. Accordingly, he is not eligible for a sentence reduction, and this Court has no authority to grant such a reduction.

**CONCLUSION**

**IT IS ORDERED** that the Motion of Erick Tyrone Brooks for a sentence reduction [DE 81, 89] is **DENIED**.

This October 27, 2008.

Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**